McCOLGAN vs. BALTO. BELT R. R. CO.    325

Md.]                       Syllabus.

# CHARLES C. McCOLGAN vs. THE BALTIMORE BELT RAILROAD COMPANY.

*Injury to Private Right of Way by Railroad Excavation—Municipal Ordinance—Injunction.*

Defendant, a railroad company, constructed a tunnel in Baltimore City under the authority of a statute and of a municipal ordinance which provided that in case a judgment was recovered against it for injuries done to private property by the construction of the road, the owner of such judgment, in addition to other remedies, should have the right to enjoin the operation of the railroad unless the judgment be paid. Plaintiff owned land abutting upon a street which had been dedicated, but not accepted by the municipality and over which he had a right of way. Defendant's excavation of this unopened street was held to give plaintiff a right of action and he obtained a judgment therefor. This judgment not being paid, plaintiff filed a bill to enjoin the operation of the road. *Held,* that the judgment was recovered for an injury to plaintiff's private right for which the defendant was liable at common law and not under the ordinance, and that consequently plaintiff was not entitled to an injunction.

Appeal from a decree of the Circuit Court of Baltimore City (DENNIS J.), dismissing the bill of complaint. Former appeals between the same parties are reported in 83 Md. 650, and 85 Md. 519.

The cause was argued before McSHERRY. C. J., BRYAN, FOWLER, BRISCOE, PAGE, BOYD and RUSSUM, JJ.

*James McColgan,* for the appellant.

*W. Irvine Cross* for the appellee, submitted the cause on his brief.

RUSSUM, J., delivered the opinion of the Court.

The appellant recovered a judgment against the appellee, which was affirmed on appeal by this Court, and no payment or settlement thereof having been made, he filed a bill in the Circuit Court of Baltimore City praying an injunction to restrain the operation of the appellee's railroad until his judgment was satisfied, basing his claim to this re-

326    McCOLGAN vs. BALTO. BELT R. R. CO.

Opinion of the Court.                                [86

lief on Ordinance No. 83 of the Mayor and City Council of Baltimore, approved May 14th, 1890.

The appellee filed its answer, denying that the ordinance in question gives the remedy by injunction for any judgment recovered for injuries to private property by the location and construction of its railroad ; and claiming that the remedy by injunction is distinctly limited to judgments recovered under said ordinance, and denying that under the terms of chapter 139, of the Acts of the General Assembly 1890, and the ordinance No. 83 of the Mayor and City Council of Baltimore, the appellant was entitled to an injunction prohibiting the operation of its railroad.

Upon hearing the Court below dismissed the bill and the plaintiff appealed.   The Baltimore Belt Railroad Company was organized under the general Railroad Incorporation laws of this State, for the purpose of constructing a railroad through parts of Baltimore City and parts of Baltimore County, and, by the Acts of 1890 chapter 139, it was authorized to construct its railroad or any part thereof, in a tunnel, under such ordinance or ordinances as might be passed by the Mayor and City Council of Baltimore, relating to the route of such railroad through the city of Baltimore and the *mode, terms and conditions of the building and construction* of said railroad within said city.   By ordinance No. 83, of the session of 1889–1890, the consent of the Mayor and City Council of Baltimore was given to the construction of said railroad, and elaborate provisions were made in regard to the mode, terms and conditions of the construction of the road through the city.   One of the conditions of said ordinance provides " that for any final judgment recovered as provided in section 169 of Article 23 of the Code of Public General Laws, which is hereby declared to be applicable to the building of said railroad, for injuries done to private property by the location and construction of said road, or any other judgment recovered under this ordinance, in addition to the ordinary remedies at law, the owner of such judgment shall have the right to enjoin the

operation of said railroad, unless the same is paid in sixty days of the final decision of the action in which such judgment is recovered."

The contention of the appellant is that the judgment referred to in this case having been recovered for damages to private property, and not being paid within sixty days of its final decision, he is entitled to enjoin the operation of the appellee's railroad until it has been paid in full. The answer to this contention is that in the former appeal between these parties it was clearly shown that the city of Baltimore had not, in any way, accepted the street over which the plaintiff claimed a right of way. It was a dedicated street only, and the plaintiff was not the owner of property abutting on any opened street, lane or alley of the city and therefore the city could give no permission to obstruct or injure the plaintiff's right of way. The act of the defendant company which produced the injury for which this judgment was recovered was an invasion of the appellant's private rights for which the appellee was liable at common law, and the ordinance of the Mayor and City Council of Baltimore under which the bill in this case was filed had no application to the case. It follows that the decree appealed from must be affirmed.

*Decree affirmed with costs.*

(Decided June 24th. 1897).